UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTONIO ALLS,**

    **Petitioner,**

                          Case No. 8:16-CV-142-T-27EAJ
                                   8:06-CR-460-T-27EAJ

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-337 and 338), his Memorandum in Support (Cv-D-2), and the Government's response (Cv-D-5).

### BACKGROUND

On October 12, 2006, Petitioner and others were charged in a complaint with conspiracy to possess with the intent to distribute five kilograms or more of cocaine. Eventually, Petitioner was charged in a Second Superseding Indictment with conspiracy to possess with the intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii) (Count One), attempting to possess with the intent to distribute five kilograms of more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii) (Count Two), and conspiracy to possess with the intent to

distribute a mixture of substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846 (Count Three). On January 11, 2007, months prior to the trial in this case, the Government filed its Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851. (Cr-D-76.) Therein, the Government advised that Petitioner had two prior felony convictions: (1) a September 21, 2005 conviction for possession of marijuana in Case No.: 2004CF000571A in the Second Judicial Circuit in and for Leon County, Florida; and (2) an October 28, 2005 conviction for possession of marijuana in Case No.: 05-346CF in the Third Judicial Circuit in and for Columbia County, Florida. (Cr-D-76.) As a result, Petitioner was subject to an enhancement of the applicable ten-year mandatory minimum term of imprisonment to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(vii), which provides that, "If any person commits a violation of this subparagraph...after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence...."

Petitioner proceeded to trial. A jury found Petitioner guilty of Counts One and Two of the Second Superseding Indictment but not guilty of Count Three. According to the Presentence Investigation Report, Petitioner had a Total Offense Level of 34 and a criminal history category III based on four criminal history points. (PSI ¶

29 and 43.) But for the statutory enhancement, the guideline imprisonment range would have been 188 to 235 months. (PSI ¶ 86.) However, pursuant to U.S.S.G. § 5G1.1(c)(2)(c), the guideline sentence was life as required by the § 851 enhancement. (Id.) On March 5, 2008, Petitioner appeared before the Undersigned for sentencing. Prior to imposing sentence, The Court stated:

> While the law is clear that mandatory minimum sentences trump all but two statutory exceptions, neither of which is made applicable to this situation, the Court is therefore required by law to impose a life sentence in this case.
>
> However, I would be remiss if I did not state for the record my judicial perspective that this case does not justify or warrant a life sentence. Were in not for the minor amounts of marijuana convictions, this Defendant's guideline range would be 188 to 235 months, less than 20 years. Because of the enhancement provided by law, and appropriately in this circumstance, following the law, the mandatory sentence of life must be imposed.
>
> There are substantial arguments to be made regarding the attention between the mandatory minimum sentences and 18 United States Code, Section 3553(a) involving what is a reasonable sentence to be imposed, avoiding cruel and unusual nature of punishments considering the offenses involved and so forth. All these objections and considerations have been tested. Judicial decisions by which this Court is bound have been rendered, and they have been found not to affect the imposition of mandatory minimums.
>
> If there were some alternative, it would be welcomed by this Court. None appears....

(Cv-D-2, Appendix A, p. 12-13.) The Court then sentenced Petitioner to a statutory mandatory term of life imprisonment. (Id. at p. 13.)

Petitioner appealed his convictions. The Eleventh Circuit

3

affirmed Petitioner's convictions and sentence on December 24, 2008. United States v. Alls, 304 Fed. Appx. 842 (11th Cir. 2008) (per curiam). The United States Supreme Court denied Petitioner a writ of certiorari on April 27, 2009. Alls v. United States, 129 S.Ct. 2073 (2009).

On June 16, 2014, Petitioner filed his original § 2255 motion claiming that the Court did not have jurisdiction to sentence him to life imprisonment. (Cr-D-321.) Petitioner specifically claimed that his prior felony drug convictions did not support an enhanced sentence under § 841(b)(1)(A). He further claimed that he was actually innocent of the sentencing enhancement. Finally, Petitioner argued that his counsel was ineffective in failing to previously raise the issue at sentencing and on direct appeal. By order dated July 10, 2014, the Court dismissed Petitioner's § 2255 motion as untimely. Alls v. United States, Nos. 8:14-CV-1546-T-27EAJ; 8:06-CR-460-T-27EAJ, 2014 WL 3385068 (M.D. Fla. July 10, 2014).

On January 20, 2016, Petitioner, who is represented by counsel, filed a second § 2255 motion asserting entitlement to resentencing based upon the vacatur of one of the two prior predicate convictions that supported the § 851 enhancement. Specifically, Petitioner's felony conviction in case number 2004-CF-571 in Leon County was vacated on September 11, 2015, and Petitioner instead pled to a misdemeanor. Petitioner argues that

he therefore no longer qualifies for an enhanced sentence, and, as such, the Court must vacate his life sentence and resentence him.

Petitioner claims his motion is timely pursuant to 28 U.S.C. § 2255(f)(4) which provides that the one-year limitation period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through due diligence." Petitioner argues that as he filed his motion within one year of the state court vacatur of his prior sentence on September 11, 2015, his motion is timely. In support of his position, Petitioner relies on Johnson v. United States, 544 U.S. 295, 298 (2005). In Johnson, the Supreme Court held that the one-year limitation period set forth in § 2255(f)(4) runs from the date that the prisoner receives notice of the state court vacatur of a prior conviction, provided the petitioner acted with due diligence in seeking relief in state court. In doing so, the Supreme Court found that the date of the federal court judgment is the moment that activates due diligence. Id. at 1581.

It is undisputed that on September 11, 2015, Circuit Judge Frank Sheffield entered an order setting aside Petitioner's plea and vacating Petitioner's judgment and sentence entered on September 8, 2004. (Cv-D-2-1, p. 18.) Petitioner filed his § 2255 motion on January 20, 2016, 131 days later. As such, the motion is timely if Petitioner acted with due diligence in seeking to vacate his state court sentence.

5

As stated above, the Court sentenced Petitioner and entered the criminal judgment on March 5, 2008. (Cr-D-251.) According to Petitioner, on June 12, 2008, he filed a petition seeking an opportunity to file a belated 3.850 motion based upon the failure of privately retained counsel to file a timely motion. Petitioner was granted leave to file a belated 3.850 motion and did so. While a resolution was not reached September 2015, nothing in the record indicates that the delay in those proceedings was attributable to Petitioner. See Johnson, 544 U.S. at 310 n. 8 ( "once a petitioner diligently has initiated state-court proceedings, any delay in those proceedings that is not attributable to petitioner will not impair the availability of the paragraph four limitation rule, once those proceedings finally conclude....") Notably, the Government concedes that Petitioner acted with due diligence. (Cv-D-5, p. 3.) In light of the foregoing, the Court finds Petitioner's motion is timely.

Furthermore, as the Government further concedes (Cv-D-5 ,p. 2), Petitioner's current motion is not successive as the factual predicate for his motion did not ripen until state court issued the order vacating his sentence. Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) (second § 2255 motion is not successive for purposes of AEDPA where the basis for the motion, the state vacatur of a predicate conviction, did not exist at the time of the first § 2255 motion). The facts supporting Petitioner's claim

based on vacatur of one of his state court sentences did not exist at the time of his original 2255. As such, the motion is not successive. Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014).

A defendant, who has acted with due diligence, "given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Johnson, 544 U.S. at 303. Petitioner is entitled to correction of his sentence as one of the convictions supporting his enhanced life sentence has been vacated.

As the Government points out, Petitioner still has one qualifying felony drug conviction under 21 U.S.C. § 841(b)(1)(A)(ii). As a result, he is now subject to a twenty year mandatory minimum sentence.

The Government argues that "the Court can grant All's motion and impose a 240-month minimum mandatory sentence by way of an amended judgment." (Cv-D-5, p. 4.) Where a prisoner has successfully attacked one of his state sentences used to enhance his sentence, the court, pursuant to § 2255, "may reopen and reduce" the federal sentence. United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999) (per curiam).

The Eleventh Circuit in Adams v. United States, 338 Fed. Appx. 799 (11th Cir. 2009) (per curiam), addressed whether the district court erred in not conducting a resentencing hearing before reducing a sentence in granting a § 2255 motion. The court

7

compared the district court's action relating to Adams to that in United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994). It explained that in Taylor it found that because the district court "set aside and vacated" the original sentence and scheduled a resentencing hearing, the defendant had a right to be present. The Eleventh Circuit, in affirming the district court's ruling, explained as follows:

> In this case, the district court considered the available options and chose to modify the existing sentence by applying the low end of Adams's adjusted Guidelines range after one of Adams's state convictions, relied upon for sentence enhancement, was vacated. Unlike Taylor, the district court in this case specifically chose not to vacate Adams's original sentencing package in its entirety before modifying the sentence. Therefore, Adams was not entitled to a resentencing hearing.

Adams, 338 F. Appx. at 800-01.

Similarly, this Court is not vacating Petitioner's sentence in its entirety. At the time of his original sentencing, it was proper to enhance Petitioner's sentence to life imprisonment due to his prior state convictions. Now that one of Petitioner's prior state felony drug convictions has been vacated, it is proper under Walker to "reopen and reduce" his sentence. Therefore, no resentencing hearing is necessary. Id.

Based on the vacated conviction, and because Petitioner now has only one prior felony drug offense for purposes of 21 U.S.C. §§ 841(b)(1)(A) and 21 U.S.C. § 851, Petitioner's new guideline range is 240 months. U.S.S.G. § 5G1.1(c)(2). Because the law mandates

a 240-month mandatory minimum sentence, Petitioner's original life imprisonment sentence is reduced to a 240-month term of imprisonment.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-337 and 338) is GRANTED.

(2) Petitioner's original term of life imprisonment is REDUCED to a 240-month term of imprisonment.

(2) An Amended Judgment in Case No. 8:06-CR-460-T-27EAJ accompanies this order.

(3) The Clerk is directed to CLOSE the civil case.

DONE AND ORDERED at Tampa, Florida this 18th day of March, 2016.

```
                                    /s/ William J. Castagna
                                    WILLIAM J. CASTAGNA
                                    SENIOR UNITED STATES DISTRICT JUDGE
```